James P. Watson (SBN 046127)
Bruce K. Leigh (SBN 129753)
STANTON, KAY & WATSON, LLP
101 New Montgomery, Fifth Floor
San Francisco, CA 94105
Telephone: (415) 512-3501
Facsimile: (415) 512-3515

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO as CHAIRMAN and LARRY TOTTEN as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>        Plaintiffs,<br><br>  v.<br><br>CARONE & SONS, INC., a California corporation; and JOEL CARONE, an Individual,<br><br>        Defendants. | Case No.: 3:05cv1211 SI<br><br>**PROPOSED DEFAULT JUDGMENT**<br><br>DATE: Friday, November 18, 2005<br>TIME: 9:00 a.m.<br>JUDGE: Hon. Susan Illston<br>COURTROOM: 10, 19th Floor |

    The Court having received the Summons and Complaint For Damages For Breach Of Collective Bargaining Agreements, To Recover Trust Fund Contributions And For Mandatory Injunction, in the within action, together with appropriate proofs of service on defendants CARONE & SONS, INC., and JOEL CARONE (hereafter "defendants"), and no response having been received from any of said defendants within the time permitted by law, the Court has previously directed that a default be entered in this action on June 17, 2005. Upon plaintiffs' motion for default judgment, supported by the declarations of Makita Wright and Bruce K. Leigh and the exhibits attached thereto,

and supported by a memorandum of points and authorities, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

On their First Cause of Action, plaintiffs shall have and recover from the defendants Carone & Sons, Inc., and Joel Carone, who shall be jointly and severally liable therefor, the sum of **$18,277.98,** consisting in **$10,373.67** for unpaid contributions, **$5,204.31** for interest as of October 25, 2005, on the unpaid balances of the monthly employer obligations, and **$2,700.00** for "flat fee" liquidated damages.

On their Second Cause of Action, the Court grants plaintiffs' demand for an injunction requiring defendant to submit to an audit of their financial records. Defendants shall immediately submit to an audit and shall grant plaintiffs access to those financial records that plaintiffs require to conduct the audit. The Court shall retain jurisdiction over plaintiffs' Second Cause of Action to oversee compliance with this judgment. These financial records shall include, for the time period October 2003 through present, at a minimum:

> Individual earnings records; Federal Tax Forms W-3/W-2 and 1069/1099; Reporting forms for all Trust Funds, State DE-3/DE-6 Tax Reports; Workers' compensation insurance; Employee time cards; Payroll Registers/Journals; Quarterly payroll tax returns (Form 941); Check register and supporting cash vouchers; Forms 1120, 1040 or partnership tax returns; General ledger; Source Records, including time cards and time card summaries for all employees; Certified payroll reports; Personnel records indicating job classifications and hire/termination dates; Cash disbursement journal; Vendor invoices; Copies of subcontract agreements; Cash receipts journal; Job cost records; Records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation of defendants' financial records.

In connection with this judgment on plaintiffs' second cause of action, the Court shall retain jurisdiction to enforce its order herein and to hear a motion for a further money judgment for unpaid employer contributions and related expenses owed by defendant or defendants as may be discovered by such audit or further discovery.

Plaintiffs also shall have and recover costs in the amount of **$448.28** reasonably incurred in bringing this action, and attorneys fees in the sum of **$4,927.50**, reasonably incurred by plaintiffs' counsel in prosecution of this action to the date of this judgment.

/ / / / /

/ / / / /

Finally, plaintiffs shall have and recover such interest as shall accrue on the money judgment at the contractual rate of 18% per annum, and plaintiffs shall recover such post-judgment costs including attorneys fees as may be reasonably incurred and as may be shown in enforcing this judgment.

The total sum of this monetary judgment, exclusive of any post-judgment interest, costs, or attorneys fees, is **$23,653.76** plus further interest (on $10,373.67) at $5.11 per day from October 25, 2005, to the date of judgment.

Date: _____, 2005     _____
Hon. Susan Illston
United States District Judge



F:\CASES\7000\7000.1038 Carone & Sons\PLEADINGS\Default Judgment\Proposed default judgment.doc

---

-3-
**PROPOSED DEFAULT JUDGMENT**  **CASE NO. 3:05cv1211 SI**